[No. 768.    September 2; 1898.]

WILLIAM H. MILLER, Plaintiff in Error, v. CITY OF SOCORRO, Defendant; JOHN McCUTCHEN and J. M. HILL, Interveners, Defendants in Error.

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS —WARRANTS—ACTION—INTERVENTION—LIMITATION.—1.    A tax payer may be granted leave to intervene in an appeal taken under section 289 of the Compiled Laws of New Mexico, 1897, by a claimant feeling aggrieved by the action of the city council.

2.   It is not error for the court to enter judgment against plaintiff, a plea of the statute of limitations having been interposed, on a petition to fund city warrants, where there is nothing in the record in explanation of the long delay of ten years or more, extending from the date of the city's indorsement upon the warrants of "not paid for want of funds" to the date of bringing suit, in instituting the action.

*Error*, from a judgment for defendants, to the Fifth Judicial District Court, Socorro County.    Affirmed.

The facts are stated in the opinion of the court.

W. E. KELLY for respondent in error.

To authorize the right of intervention under sections 2947, 2948, 2949, Comp. Laws 1897, the interest of the intervener must be such that he would directly gain or lose by the result of the action.    Smith v. Gale, 144 U. S. [Law Ed.] 524, 525.

Interveners take the suit as they find it, and can not urge matters that would go to the dismissal of the suit, nor complain of the mode of procedure; nor can they create defenses for the defendant.    American Dig. 1891, p. 3395, note 69; Cohn v. Ford, 8 So. Rep. (La.) 477; Miller v. Railway Co., 55 Fed. Rep. 371; American Dig. 1891, p. 3395; Smith v. Gale, supra.

A municipal corporation can not avail itself of the plea of the statute of limitations until it has complied with all

the conditions and requirements of the statute creating it. 15 Am. and Eng. Ency. of Law 1308; Am. Ann'l Dig. 1892, pp. 3215, 3216; Moore v. Waco, 20 S. W. Rep. (Tex.) 61; King I. B. & Mfg. Co. v. County of Otoe, 124 U. S. [Law Ed.] 514; Morton v. Knok & Co., 65 Fed. Rep. 369; Logan v. Barton Co. Court, 63 Mo. 349; County of Lincoln v. Luning, 133 U. S. [Law Ed.] 766.   See, also, Shannon v. Huron, 69 N. W. Rep. 598; Underhill v. Sonora, 17 Cal. 172; Freehill v. Chamberlain, 65 Id. 603.

The statute of limitations does not begin to run until payment is refused.    15 Am. and Eng. Ency. of Law 1222; Bibb Co. Court v. Orr, 12 Ga. 137; Clark v. Iowa City, 20 Wall. 583; Carroll v. Tishomingo, 28 Miss. 38; De Cordova v. Galveston, 4 Tex. 470; Brewer v. County of Otoe, 1 Neb. 373; Logan v. Barton Co. Court, 63 Mo. 336; Praitt v. Durant, 19 S. W. Rep. (Tex.) 281.   See, also, 1 Dill. on Munic. Corp., secs. 487, 503, 504, and citations.

The city of Socorro has not pleaded the statute of limitations which is a personal privilege of the debtor only, and the interveners can in no manner do so for it.    13 Am. and Eng. Ency. Law, 706; Miller v. Street R'y Co., 55 Fed. Rep. 371.

County and city warrants, or orders signed by the proper officers, are prima facie binding and legal.   15 Am. and Eng. Ency. of Law (O. S.) 1222; 1 Dill. on Munic. Corp., sec. 502, and citations in note 1.

H. M. DOUGHERTY for defendants in error.

All taxpayers are, by statute, expressly made parties in interest, even to the extent of permitting them to appeal. Comp. Laws 1897, sec. 286.

One who has sufficient interest to appeal has sufficient interest to intervene.   The interest being established, it is then for the court to say under what conditions he can be heard. Comp. Laws 1897, secs. 2947, 2948, 2949.

Interventions are within the discretion of the court. Smith v. Gale, 144 U. S. 524, 525; Hart v. Kohn, 33 N. Y.

372. See, also, 3 Estes, Pl., sec. 16, note 27; Coborn v. Smart, 53 Cal. 742; Owens v. Collier, 97 Id. 454; Barns v. Babcock, 104 Id. 1.

Without special provision of the statute, the statute of limitations runs both for and against cities and counties the same as individuals. Wood on Lim. 753; Cincinnati v. Evans, 5 Ohio St. 594; St. Charles Co. v. Powell, 22 Mo. 525; Cincinnati v. First Presby. Church, 8 Ohio St. 298; 13 Am. and Eng. Ency. of Law 714; Evans v. Erie Co., 66 Pa. St. 222. See, also, Comp. Laws 1897, sec. 2932; Dill. on Munic. Corp. 406, 407, 412; Jerome v. Rio Grande Co., 18 Fed. Rep. 873; Agua Chita Co. v. Wood, 103 U. S. 559; Wall v. Monroe Co., Id. 574; Thomas v. City of Richmond, 12 Wall. 252.

As to time when statute of limitations begins to run see: 1 Wood on Lim. 56; 4 Am. and Eng. Ency. of Law 363; Dill. on Munic. Corp., sec. 411 [Ed. 1873]; also, Baker v. Johnson, 33 Ia. 151; Terry v. Milwaukee, 15 Wis. 543; Bank v. Franklin Co., 65 Mo. 105; Campbell v. Polk Co., 3 Ia. 467; Parkard v. Town of Browne, 24 Wis. 382; Savage v. Supervisors, 10 Id. 44; Schloss v. County Commr's, 28 Pac. Rep. (Colo.) 18.

CRUMPACKER, J.—The facts in this case show that plaintiff in error, William Hezekiah Miller, appealed to the district court having jurisdiction from the action of the city council of the city of Socorro, New Mexico, in refusing to fund warrants therefore issued by city and unpaid. The appeal is under the authority of section 286, Compiled Laws of 1897. In September following the city entered its appearance to the action. On September 10, 1897, the city council appears to have reconsidered the alleged indebtedness involved in this appeal, and on recommendation of its committee appointed to investigate in regard to the pending suit ordered that the claim should be recognized and the warrants funded as provided by law. On September 13, 1897, defendants in error petitioned the district court for leave to intervene as taxpayers. The court granted the leave on interveners amending

their petition by setting up reasons why they seek to intervene and by giving reasons why the city will not properly defend, etc. From this amended petition it appears that the original disallowance of the claim on which appeal was based was for irregularities and fraud in the issuance of the warrants, that the meeting of the council of the city of Socorro held on September 10 was illegal, and that the council attempted with fraudulent intent to impose an unjust debt upon the city of Socorro in total disregard of the rights of taxpayers and interveners and that they fraudulently failed and neglected to interpose a proper and legal defense to the controversy involved in the appeal. On being admitted to defend, the defendants in error interposed the plea of the statute of limitations. Plaintiff in error moved to strike out amended petition and plea, which motion was overruled. Thereupon plaintiff replied to defendants' plea and joined issue upon the statute of limitation and upon trial the court rendered judgment against plaintiff in error. Motion to vacate judgment was overruled and the plaintiff in error brings the record into this court on a writ of error.

The assignments of error are as follows:

1. The court erred in overruling the plaintiff's demurrer to interveners' amended petition of intervention.

2. The court erred in overruling the plaintiff's demurrer to interveners' plea of the statute of limitations.

3. The court erred in finding that the statute of limitations applied to municipal or city warrants or orders, which are the basis of this action.

4. The court erred in sustaining the plea of the statute of limitation plead by the interveners when the same was not the plea of the defendant city of Socorro.

The first important question in this case is as to the right of defendants in error to intervene in an appeal taken under section 286 of the Compiled Laws of 1897 by one aggrieved by the action of the city of Socorro. Under sub-section 5 of section 2685, Compiled Laws, New Mexico 1897, it is clear

WARRANTS: action: intervention.

that one having or even claiming an interest in a matter in
litigation may be made a defendant,and by section 286 thereof,
the statute on which the plaintiff bases his appeal, any taxpayer
as well as a claimant is specially granted the right of appeal
to the district court.    Under sections 2947, 2948, 2949, "Any
person who has an interest in the matter in litigation in the
success of either of the parties to the action or against both,
may become a party to an action between other persons, either
by joining plaintiff in claiming what is sought by the declara-
tion, or by uniting with the defendant in resisting the claim
of plaintiff, or by demanding anything adversely to both the
plaintiff and defendant, either before or after issue has
been joined in the cause and before the trial commences."
The plaintiff in error, not having made these interveners de-
fendants and they being real parties in interest, under the
statute cited, they may be permitted to intervene, which
obviates the necessity of other vexatious and expensive ap-
peals where the controversy can be entirely litigated under the
original appeal.    Therefore we can not escape the conclusion
that defendants in error had the right to intervene.

Finding no error in the action of the court in permitting
the intervention, we must determine whether defendants in
error under their plea of the statute of limita-
INTERVENTION: tions could bar a recovery by plaintiff in error
limitation    in this action.    Having seen that interveners'
interest is a lawful one, it follows that they had a right to
interpose the defense of the statute of limitations to the action.
It appearing from the record in this case that all the warrants
involved in this claim were issued and presented for payment,
and indorsed "Not paid for want of funds" prior to the year
1887, we think the reasoning in the case of Cross v. Board of
County Commissioners, decided at this term has application
here.    Had the city of Socorro on presentment of the warrants
then absolutely refused to pay the same, there can be no doubt
that the cause of action accrued on the date of such refusal,
and the city would have been liable instanter.    But from the

record in this case it appears the court found that the refusal was based on the "want of funds." The plaintiff in error has not set up in his petition for appeal nor in his reply to interveners' plea any facts in explanation of this long delay of ten years or more since the date of the city's indorsement upon the warrants of not paid for want of funds, and this court will presume, no allegation to the contrary appearing, that the finances of the city were on such basis that during at least some time in the four years preceding the six year period of the statute of limitations, which elapsed between the indorsement on the warrants by the city and the bringing of this action, the city had funds to pay these warrants, and a municipal corporation not being such a debtor as is charged by law to seek its creditor, it was incumbent upon the plaintiff in error to set up sufficient facts to overcome the presumption that had these warrants been presented for payment within the time mentioned, they would have been paid.

We can discover no error on the part of the court below in entering judgment against the plaintiff in error on his petition to fund the warrants here involved, and the case is therefore affirmed.

Mills, C. J.; Leland, Parker and McFie, JJ., concur.